UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAYMOND CHARLES LEONARD,

    Plaintiff,

v.                                        Case No.  3:19-cv-4823-MCR/MJF

KRYSTIN McDONALD, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before this court on Defendant Sellars's Motion to Dismiss, (Doc. 12), and Plaintiff's failure to show cause in response to the undersigned's order dated May 21, 2020, related to Plaintiff's failure to serve two Defendants. For the reasons set forth below, the undersigned recommends that this action be dismissed.[1]

**I.    Background**

On November 26, 2019, Plaintiff, proceeding *pro se*, commenced this action. Although Plaintiff does not specify the nature of his claims, Plaintiff alleges that Defendants violated his "right for person with disability not [sic] be discriminated/retaliated against for reported housing (safety) violations, as required

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

by law." (Doc. 1 at 9). As an exhibit to his complaint, Plaintiff attached the first page of a "Determination of No Reasonable Cause/Letter of Compliance" from the United States Department of Housing and Urban Development ("HUD"). (*Id.* at 13). Thus, Plaintiff appears to allege violations of the Fair Housing Act, 42 U.S.C.§§ 3601, *et seq*. For relief, Plaintiff seeks monetary damages.

Plaintiff alleges that in 2015, he rented an apartment from the Fairpointe Apartment community through HUD's Section 8 Housing Choice Voucher Program and the Milton Housing Authority. (*Id.* at 4). Plaintiff also asserts that he became disabled due to a knee injury. (*Id.*). He claims that on July 1, 2015, he sent an email to Defendant Wilkie about a medical transfer to a first-floor apartment. On July 16, 2015, someone informed Plaintiff that he needed a note from a physician to establish that a medical transfer was necessary. On July 17, 2015, Plaintiff scheduled an appointment with Dr. John T. De Jong for an assessment and to obtain a note to support his request for a medical transfer. Plaintiff also alleges that his apartment "failed multiple annual inspections" and that Plaintiff reported these violations to HUD on May 12, 2015. (*Id.* at 4-5).

Plaintiff alleges that in July 2015 through August 31, 2015, Defendants retaliated against him for reporting violations to HUD. He alleges that this retaliation included:

> 1). Threats to (Withhold Section-8 Voucher), Not take complaint seriously. 2). Denial of medical transfer to ground floor apartment,

>
> because I couldn't afford the added (300.00 dollar) fee, but approved another. 3). Rejected Physician Medical Statement or Recommendations for 1st floor Accommodations and deny payment/costs associated with injury, as done for others. 4). Opting to instead, Hike Rental Rates. 5). Not Renew Lease Agreement, with Express Checkout Instructions left at door to vacate premises August 31, 2015.

(*Id.* at 4). Plaintiff states that he vacated the apartment on August 31, 2015, and he does not allege that Defendants engaged in any discriminatory acts after August 31, 2015. (*Id.*). Consequently, August 31, 2015, was the "last date of alleged discrimination" as determined by HUD in its Determination of No Reasonable Cause/Letter of Compliance. (Doc. 1 at 13). The HUD determination was issued September 13, 2018.[2] (Doc. 12-1 at 7).

On January 16, 2020, the undersigned directed Plaintiff to serve his complaint on the three Defendants. (Doc. 6). The undersigned advised Plaintiff that, pursuant

---

[2] In her motion to dismiss, Defendant Sellars attached the full HUD decision, and requests that this court take judicial notice of the full decision. (Doc. 12-1). Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Moreover, this court can also consider this document as incorporated by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). Courts may consider documents incorporated by reference when: (1) a plaintiff refers to a document in her complaint; (2) the document is central to the plaintiff's claim; (3) its contents are not in dispute; and (4) the defendant attached the document to its motion to dismiss. *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007); *see also Saunders*, 766 F.3d at 1271.

to Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve Defendants within ninety days likely would result in dismissal of this action. Plaintiff effected service of process only on Defendant Sellars.

On April 21, 2020, the clerk of the court referred this matter to the undersigned because Plaintiff had not filed proof of service regarding all Defendants. Accordingly, on May 21, 2020, the undersigned directed Plaintiff to explain why Defendants McDonald and Wilkie had not been served. (Doc. 15). The undersigned imposed a deadline of June 4, 2020, to comply. The undersigned noted that Plaintiff's failure to respond to the order likely would result in dismissal of his claims against Defendants McDonald and Wilkie for failure to timely serve the complaint. (*Id.* at 2). Plaintiff still has not filed proof of service for these Defendants, and he has failed to respond to this court's order.

## II.   Standard

Dismissals for failure to state a claim are governed by Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In addressing a motion to dismiss, the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

A defendant may raise a statute of limitations defense in a motion to dismiss for failure to state a claim "when the complaint shows on its face that the limitation period has run." *Foster v. Savannah Comm'n*, 140 F. App'x 905, 907 (11th Cir. 2005) (quoting *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)). As the Supreme Court has stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.

*Jones v. Bock*, 549 U.S. 199, 215 (2007). To dismiss a complaint as time-barred it must "appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001); *see Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003). "When the time-bar is apparent from the face of the complaint, the plaintiff bears the burden of pleading allegations sufficient to toll the statute of limitations." *Padilla v. Porsche Cars. N. Am., Inc.*, 391 F. Supp. 3d 1108, 1112 (S.D. Fla. 2019); *see Patel v. Diplomat*, 605 F. App'x 965, 966 (11th Cir. 2015).

### III.   Discussion

The undersigned recommends that Defendant Sellars's Motion to Dismiss be granted because Plaintiff's claims are barred by the statute of limitations. The undersigned also recommends that Plaintiff's claims against Defendants McDonald and Wilkie be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service timely.

    **A.**    **Defendant Sellars's Motion to Dismiss:  Statute of Limitations**

Sellars argues that Plaintiff's claims must be dismissed because Plaintiff commenced this action after the expiration of the statute of limitations. (Doc. 12 at 1, 6-9).

      **1.**    *Fair Housing Act ("FHA") Claim*

The Fair Housing Act provides that:

> An aggrieved person may commence a civil action in an appropriate United States District Court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . .
>
> The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice.

42 U.S.C. § 3613(a)(1)(A)-(B). This statute of limitations begins to run as soon as "facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Telesca v. Village of Kings Creek Condo. Ass'n Inc.*, 390 F. App'x 877, 882 (11th Cir. 2010) (quoting *Wood v. Briarwinds Condo. Ass'n Bd. of Dirs.*, 369 F. App'x 1, 3 (11th Cir. 2010)).

    Here, Plaintiff alleges that he suffered disparate treatment when he was not granted a first-floor apartment as an accommodation for his disability and that his lease was not renewed, thereby forcing him to vacate his apartment on August 31, 2015. (Doc. 1 at 4). As noted in HUD's "Determination of No Reasonable Cause/Letter of Compliance" and Plaintiff's own allegations in his complaint, the last date of the alleged discrimination was August 31, 2015. (Doc. 1 at 4, 13, 18). Thus, the statute of limitations began to run on August 31, 2015. Plaintiff subsequently filed a complaint with HUD regarding this discrimination. (*Id.* at 13).

This complaint was deemed filed on August 31, 2016. (*Id.*). HUD's decision was rendered on September 13, 2018. (Doc. 12-1 at 7). Thus, the statute of limitations was tolled from August 31, 2016, through September 13, 2018—a total of 2 years and fourteen days. 42 U.S.C. § 3613(a)(1)(B). Accordingly, to file this action timely and before the expiration of the period allowed by the statute of limitations, Plaintiff was required to file his complaint with the court on or before September 14, 2019. Plaintiff, however, filed his complaint on November 26, 2019. (Doc. 1).

Because it is apparent from the complaint that the statute of limitations would bar this claim, Plaintiff bore "the burden of pleading allegations sufficient to toll the statute of limitations." *Padilla*, 391 F. Supp. 3d at 1112; *see Patel*, 605 F. App'x at 966. Plaintiff filed a forty-seven-page response to Sellars's motion to dismiss. Plaintiff, however, did not include any information indicating that the statute of limitations was tolled beyond the tolling noted above. Accordingly, Plaintiff did not file his claim timely, and his claim under the FHA against Sellars should be dismissed with prejudice.[3]

---

[3] Similarly, the Florida Fair Housing Act ("FFHA") contains a two-year statute of limitation. Fla. Stat. § 760.35(1) ("A civil action shall be commenced no later than 2 years after an alleged discriminatory housing practice has occurred."). To the extent Plaintiff seeks to raise a claim under the FFHA, this claim should be dismissed insofar as Plaintiff brought this claim more than two years after the alleged discriminatory housing practice occurred.

### 2. *Potential Claims under the Americans with Disability ("ADA"), Rehabilitation Act ("RA"), and 42 U.S.C. § 1983*

To the extent Plaintiff's complaint could be reasonably construed as asserting a claim under Title II of the ADA, the Rehabilitation Act, and/or under 42 U.S.C. § 1983, these claims would also be barred by the applicable statutes of limitations.

Title II of the ADA and the RA do not contain independent statutes of limitations. *Silva v. Baptist Health S. Fla., Inc*, 856 F.3d 824, 841 (11th Cir. 2017). Similarly, 42 U.S.C § 1983 does not contain an independent statute of limitations. Thus, these claims are governed by the most analogous state statute of limitations, which is the forum state's statute of limitations period for personal injury actions. *Silva*, 856 F.3d at 841 ("Neither the ADA nor RA provide a statute of limitations, so we must apply the most analogous state statute of limitations . . . The most analogous state limitations period come from personal injury actions.") (quotation and citations omitted); *Everett v. Cobb Cty. Sch. Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998). In Florida, the relevant state statute of limitations is four years. *Silva*, 856 F.3d at 841 (citing Fla. Stat. § 95.11(3); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002)); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Under this provision, the "cause of action . . . will not accrue, and thereby set the limitations clock running, until the plaintiff[] know[s] or should know (1) that [he has] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the

injury." *Chappell*, 340 at 1283 (citing *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

As noted above, Plaintiff alleges that Defendants' purportedly unlawful conduct ended on August 31, 2015, when Plaintiff was forced to vacate his apartment. (Doc. 1 at 4, 13, 18). Thus, at least by August 31, 2015, Plaintiff was or should have been aware that Defendants inflicted the purported injury that formed the basis of his claims. Accordingly, Plaintiff was required to file his claims under the ADA, RA, and section 1983 on or before August 31, 2019, to avoid the statute of limitations bar. Plaintiff did not meet that deadline, however.

Plaintiff's complaint does not present any factual allegations that the statute of limitations for these claims are subject to tolling. Nor does Plaintiff's response include an allegation that these statutes of limitations should be tolled. Furthermore, these claims are not subject to the tolling provision of the FHA. *Hunt v. Ga Dep't of Cmty. Affairs*, 490 F. App'x 196, 198 (11th Cir. 2012) ("[N]othing in the FHA purports to toll the running of the limitations period for a claim under the ADA or Rehabilitation Act. Rather, the FHA's tolling provision expressly limits its reach to administrative proceedings concerning discriminatory housing practices made unlawful by the act itself"). Because it is clear from the facts alleged in Plaintiff's complaint that any claim brought under the ADA, RA, or 42 U.S.C. § 1983 would

be barred by the applicable statute of limitations, these claims also should be dismissed with prejudice.

### B. Plaintiff's Failure to Serve McDonald and Wilkie

Plaintiff's claims against Defendants McDonald and Wilkie should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiff has not shown good cause for his failure to serve these Defendants.

"Service is a jurisdictional requirement," and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citing *Pardazi v. Cullman Med. Ctr.*, 869 F.2d 1313, 1317 (11th Cir. 1990)). "The plaintiff to an action is responsible for having the summons and complaint served on the defendant" in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Fitzpatrick v. Bank Of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014); *Lepone-Dempsey v. Carroll Cty. Com'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Thus, a plaintiff must ensure that service is completed within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure. *Lempone-Dempsey*, 476 F.3d at 1280-81.

Rule 4(m) states that:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In other words, a plaintiff usually must serve a defendant within ninety days, but a court must extend this deadline for "good cause." *Id.*; *Lepone-Dempsey*, 476 F.3d at 1281.

### 1.   *Plaintiff's Failure to Demonstrate Good Cause*

Good cause to extend the deadline for service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam), *superseded in part by rule as stated in Horenkamp v. Vanwinkle and Co., Inc.*, 402 F.3d 1129, 1132 n.2 (11th Cir. 2005)). In determining whether good cause exists, "[c]ourts will look to 'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process,' to determine whether [the plaintiff] satisfied the 'good cause' requirement." *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995) (citations omitted).

In an order dated January 16, 2020, the undersigned specifically informed Plaintiff that service on Defendants must be completed "**within NINETY (90) DAYS**". (Doc. 6 at 2). Thus, Plaintiff was required to complete service by April 16, 2020. Prior to his deadline to effect service, Plaintiff sent two letters to the undersigned seeking an extension of time to effect service. The undersigned entered

two deficiency orders which advised Plaintiff that his letters violated both the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Florida, which prohibit parties from sending letters to judges or seeking relief in a letter. (Doc. 8; Doc. 11). The undersigned informed Plaintiff that a request for any kind of action in this case must be made by motion. (Doc. 8; Doc. 11 at 1 n.1). Despite the two deficiency orders, Plaintiff never filed an appropriate motion with this court seeking an extension of time to effect service on McDonald and Wilkie. In addition, the undersigned issued an order to show cause directing Plaintiff to explain why he failed to serve these Defendants timely. Plaintiff did not respond to that order. Clearly, Plaintiff was aware of his obligation to serve these Defendants timely. Despite that knowledge, he has not demonstrated good cause for his failure to effect service timely.

### 2.   *No Apparent Justification for a Permissive Extension*

Even in the absence of good cause a "district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281; *see Benkovitch v. City of Key Biscayne*, 778 F. App'x 711, 715 (11th Cir. 2019). In determining whether a permissive extension is warranted, the Eleventh Circuit has looked at factors in the advisory committee notes for Rule 4 of the Federal Rules of Civil Procedure. *Horenkamp*, 402 F.3d at 1132-33. For example, "relief may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the

defendant is evading service or conceals a defect in attempted service." *Horenkamp*, 402 F.3d at 1132 (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments); *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008). This list is non-exhaustive. *Lepone-Dempsey*, 476 F.3d at 1282.

There is no evidence that McDonald and Wilkie attempted to evade service or conceal a defect in any attempted service. Furthermore, as discussed above, Plaintiff's claims likely are barred by the statute of limitation defense regardless of timely service, because Plaintiff filed this action after the statute of limitations had already run. The undersigned informed Plaintiff of his obligation to effect service timely. If Plaintiff desired an extension of Rule 4's deadline to effect service, he could have filed a proper motion seeking such relief. Plaintiff did not do so. Plaintiff also elected not to respond to the undersigned's order to show cause for his failure to effect service timely. Additionally, Plaintiff has not offered any justification for a permissive extension of time. No such justification is apparent. Accordingly, pursuant to Rule 4(m), the undersigned recommends dismissal of Plaintiff's claims against McDonald and Wilkie without prejudice.[4]

---

[4] Rule 4(m) authorizes a district court to dismiss a complaint without prejudice for failure to serve process timely. Because the statute of limitations has run and would bar Plaintiff from refiling his case, a dismissal without prejudice is tantamount to dismissal with prejudice. *See Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). The Eleventh Circuit—in an unpublished decision— affirmed a dismissal of a complaint despite the statute of limitations bar when the district court considered the factors relevant to a permissive extension. *See Melton*, 262 F. App'x at 924.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendant Sellars's Motion to Dismiss (Doc. 12) be **GRANTED**.

2. Plaintiff's claims against Defendant Sellars be **DISMISSED** with prejudice because they are barred by the statute of limitations.

3. Plaintiff's claims against Defendants McDonald and Wilkie be **DISMISSED** without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

4. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 9th day of June, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**. **The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**